UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Brainista, Inc.<br><br>Plaintiff<br><br>v.<br><br>NA LLC, and<br><br>John Doe(s)<br><br>Defendants | **CIVIL ACTION NO.** 5:25-cv-02511-JRA<br><br><br>**JUDGE JOHN R. ADAMS** |

**EX PARTE TEMPORARY RESTRAINING ORDER
AND ORDER RESTRAINING ASSETS**

THIS CAUSE being before the Court on Plaintiff Brainista Inc. ("Plaintiff" or "Brainista") *Ex Parte* Motion for Entry of a Temporary Restraining Order ("Motion"), the Court hereby GRANTS the Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over the Defendants NA LLC and John Doe(s) ("Defendants") since the Defendants directly target their business activities toward consumers in the United States, including Ohio. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Ohio residents by setting up and operating e-commerce stores that target United States consumers on the website natures.com (and previously natureszempic.com), offering shipping to the United States, including Ohio, accepting payment in U.S. dollars, and selling to residents of Ohio products that infringe: Brainista's registered U.S. trademarks (7,711,918; 7,711,919; 7,696,771; and 7,696,769)

(collectively, "Brainista's Trademarks"), Brainista's unregistered trade dress, and Brainista's copyrights (VA2430977) ("Brainista's Copyrighted Work"). (Busch Decl. ¶ 18; ECF No. 6-2.)

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in support of the Motion and accompanying evidence showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Plaintiff has suffered, and will continue to suffer, diversion of sales, loss of control over Plaintiff's marks, trade dress, and copyrighted works, and damage to customer goodwill caused by Defendants' unauthorized sale, advertisement, and promotion of infringing and counterfeit products. The harm is irreparable because consumer confusion, reputational injury, and long-term marketplace effects cannot be fully measured or compensated by monetary damages, and the continued availability of Defendants' infringing goods increases that harm each day. The Court further finds that *ex parte* relief is necessary because advance notice would likely enable Defendants to remove listings, conceal or destroy records, transfer funds, or otherwise evade the Court's ability to preserve the status quo.

Accordingly, this Court orders that:

1. Defendants, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or preparation with them be temporarily enjoined and restrained from:

   a. offering for sale, selling, distributing, advertising, transferring, disposing, and importing in the United States any products not authorized by Brainista and that include any reproduction, copy, or colorable imitation of Brainista's

    Trademarks, Copyrighted Work, and/or trade dress (including Zempic and/or Natures-branded yerba mate products);

  b. making or disseminating any false origin or affiliation statements, including statements portraying Defendants as the "original" source of Yerba Magic products or describing Brainista's authentic goods as imitations, "knock-offs," or inferior products; and

  c. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Brainista's trademark rights and copyrights.

2. Upon Brainista's request, those with notice of the injunction, including any online marketplace platforms, payment processors, hosts, credit-card processor and merchant service providers such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com ("Amazon"), Walmart Inc. ("Walmart"), Etsy, Inc. ("Etsy"), Alphabet Inc. ("Google"), PayPal Holdings Inc. ("PayPal"), Stripe Inc. ("Stripe"), Payoneer Global Inc. ("Payoneer"), Shopify Inc. ("Shopify"), and ByteDance and/or Tik Tok LLC ("Tik Tok Shop") shall within two (2) days after receipt of such notice:

  a. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Brainista's Trademarks, Copyrighted Works, and/or trade dress (including Zempic and/or Natures-branded yerba mate products);

  b. locate accounts and funds connected to Defendants, including those linked to any email address, marketplace identifier, merchant ID, payout ID, or other

      credentials provided by Defendants, and any email address or identifier supplied by Defendants;

   c. restrain and enjoin such accounts from transferring, withdrawing, disbursing, or otherwise disposing of any money or assets pending further order of this Court; and

   d. preserve and produce to Brainista documents and records relating to Defendants' product listings, advertising, and sale of such infringing products, including but not limited to account details, seller information, transaction histories, payment account identifiers, and contact information.

3. This Temporary Restraining Order is entered at 1:20 P.M. on this 19th day of November, 2025, and shall remain in effect for fourteen (14) days.

 

                                                     /s/ John R. Adams
                                                     Judge John R. Adams
                                                     United States District Court Judge